## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LOLITA MORRIS,
    Plaintiff,

    vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:15-cv-66

Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final

decision of the Commissioner of Social Security (Commissioner) denying plaintiff's applications

for disability insurance benefits (DIB) and supplemental security income (SSI). This matter is

before the Court on the Commissioner's motion to dismiss (Doc. 6) and plaintiff's response to

this Court's show cause order (Doc. 11).[1]

Plaintiff filed applications for DIB and SSI in May and June 2011, alleging disability

since November 27, 2010. These applications were denied initially and upon reconsideration.

Plaintiff, proceeding pro se, requested and was granted a *de novo* hearing before administrative

law judge (ALJ) Kristen King. On July 20, 2013, the ALJ issued a decision denying plaintiff's

DIB and SSI applications. (Doc. 6, Ex. 2, Decision of the Administrative Law Judge). On

October 29, 2014, the Appeals Council denied plaintiff's request for review (Doc. 6, Ex. 1, ¶

3(a), Affidavit of Patrick J. Herbst[2]), making the ALJ's decision the final decision of the

---

[1]The Commissioner filed her motion to dismiss on March 17, 2015. (Doc. 6). The Court sent a notice to plaintiff the next day advising her that she had "21 days from the date of service set forth in the certificate of service attached to the motion" by which to file a response. (Doc. 7). Plaintiff did not file a response within the 21-day deadline and, consequently, on April 16, 2015, the Court ordered plaintiff to show cause why the Commissioner's motion should not be granted as unopposed. (Doc. 10). Plaintiff filed a response on May 4, 2015 (Doc. 11), which the Court construes as her response to the Commissioner's motion to dismiss. (Doc. 11).

[2]Mr. Herbst serves as the Chief of Court Case Preparation and Review Branch CCPRB-3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. (Doc. 6, Ex.

Commissioner.  *See also* Doc. 6, Ex. 2 at 15, Notice of Appeals Council Action.

The letter from the Appeals Council included a notice that plaintiff had 60 days [until January 2, 2015] to file a civil action seeking court review and further provided, "[i]f you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file."  *Id.*  Plaintiff did not seek an extension of time from the Appeals Council and filed a complaint seeking judicial review of the denial of DIB and SSI on January 30, 2015.[3]  (Doc. 1). The Commissioner moves to dismiss plaintiff's complaint on the ground that it was not timely filed and is thus barred by 42 U.S.C. § 405(g).  (Doc. 6).  Alternatively, the Commissioner argues this undisputed procedural history establishes that it is entitled to summary judgment as a matter of law.  (*Id*. at 5-6).

Plaintiff's response to the Court's show cause order presents arguments challenging the ALJ's denial of her applications for DIB and SSI.[4]  (Doc. 10).  The letter does not address the Commissioner's assertion that plaintiff's case must be dismissed because this lawsuit was not filed in a timely manner.

The relevant portion of § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C.A. § 405(g).  "Although § 405(g) uses the word 'mailing,' the regulations clarify that

---

1).

[3]Plaintiff filed her motion seeking leave to proceed *in forma pauperis* in this matter on January 30, 2015. (Doc. 1).  Plaintiff's motion was granted and her complaint was filed as a separate document by the Court on February 3, 2015.  (Docs. 2, 3).  Her complaint is deemed filed as of the date her *in forma pauperis* motion was granted.  *See Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004).
[4]Plaintiff asserts that the ALJ erred in denying her claim for benefits because her Crohn's disease precludes her from engaging in full-time work.  *See generally* Doc. 11

2

the 60-day period begins five days after the date of the denial notice." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007). *See* 20 C.F.R. § 422.210(c) ("the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice").

The Appeals Council issued a letter to plaintiff on October 29, 2014, notifying her that the ALJ's determination was the final decision of the Commissioner. The presumed date of receipt would be November 3, 2014, and plaintiff had 60 days from that date, until January 2, 2015, to file her complaint. Plaintiff does not dispute that her complaint – filed on January 30, 2015 – was filed after the statute of limitations had expired. Further, plaintiff does not address the Commissioner's challenge to the timeliness of this lawsuit and presents no argument from which the Court can discern that her claim should be deemed timely. Nevertheless, and in recognition of plaintiff's status as a pro se litigant, the Court will assess whether equity supports tolling the time limit in this matter.

The 60-day time limit provided by § 405(g) is not a jurisdictional requirement; it constitutes a statute of limitations. *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). Accordingly, the Supreme Court has determined that applying traditional principles of equitable tolling to § 405(g) is appropriate and "consistent with the overall congressional purpose" of the Social Security Act. *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The Sixth Circuit has enunciated five factors the Court must consider when determining whether to toll the § 405(g) statute of limitations:

> (1) the [plaintiff]'s lack of [actual] notice of the filing requirement; (2) the [plaintiff]'s lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) an absence of prejudice to the [defendant]; and (5) the [plaintiff]'s reasonableness in remaining ignorant of the legal requirement for filing [the] claim.

3

the 60-day period begins five days after the date of the denial notice." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007). *See* 20 C.F.R. § 422.210(c) ("the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice").

The Appeals Council issued a letter to plaintiff on October 29, 2014, notifying her that the ALJ's determination was the final decision of the Commissioner. The presumed date of receipt would be November 3, 2014, and plaintiff had 60 days from that date, until January 2, 2015, to file her complaint. Plaintiff does not dispute that her complaint – filed on January 30, 2015 – was filed after the statute of limitations had expired. Further, plaintiff does not address the Commissioner's challenge to the timeliness of this lawsuit and presents no argument from which the Court can discern that her claim should be deemed timely. Nevertheless, and in recognition of plaintiff's status as a pro se litigant, the Court will assess whether equity supports tolling the time limit in this matter.

The 60-day time limit provided by § 405(g) is not a jurisdictional requirement; it constitutes a statute of limitations. *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). Accordingly, the Supreme Court has determined that applying traditional principles of equitable tolling to § 405(g) is appropriate and "consistent with the overall congressional purpose" of the Social Security Act. *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The Sixth Circuit has enunciated five factors the Court must consider when determining whether to toll the § 405(g) statute of limitations:

> (1) the [plaintiff]'s lack of [actual] notice of the filing requirement; (2) the [plaintiff]'s lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) an absence of prejudice to the [defendant]; and (5) the [plaintiff]'s reasonableness in remaining ignorant of the legal requirement for filing [the] claim.

3

*Cook*, 480 F.3d at 437 (quoting *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

In this case, these factors weigh in favor of enforcing the 60-day time limit set forth in §

405(g). The October 29, 2015 letter sent by the Appeals Council indicates that plaintiff had

actual notice that she had 60 days by which to file her complaint. There is no evidence that

plaintiff was prevented from filing this lawsuit within the prescribed period due to circumstances

outside of her control nor does she maintain that the untimely filing was a result of inadvertence

or mistake. Rather, plaintiff wholly fails to explain the lateness of her filing. The Court further

finds that plaintiff has not been diligent in pursuing her rights as she did not timely respond to the

Commissioner's motion to dismiss and her response to this Court's show cause order is

non-responsive to the pertinent issue of timeliness.[5] Additionally, as plaintiff has not offered

any explanation for her untimeliness, the Court cannot conclude that her actions were reasonable

or that she was somehow ignorant of her duty to file this lawsuit within the 60-day time limit.

While the Commissioner does not contend that she will be prejudiced by the delay, the remaining

factors warrant enforcing § 405(g)'s statutory time limit in this matter and granting the

Commissioner's motion to dismiss.

## IT IS THEREFORE RECOMMENDED THAT:

Defendant's motion to dismiss (Doc. 6) be **GRANTED** and this matter be closed on the

docket of the Court.

Date: 9/3/15

Karen L. Litkovitz
United States Magistrate Judge

---

[5]While plaintiff asserts "[t]he reason for her late response to the court was [her] address was documented wrong" (Doc. 11 at 1), this relates to her late response to the Court's order to show cause and not to the timeliness of the underlying complaint.

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LOLITA MORRIS,
    Plaintiff,

    vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:15-cv-66

Black, J.

Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).